United States v. Laguna, case number 242613. Good morning. May it please the Court, Daniel Habib, Federal Defenders of New York, on behalf of Nick Laguna. I intend this morning to address the electronic search condition of supervised release, but first I wish to say two words about the challenge to the section 922G1 conviction. First, as the Court is aware from the party's letter of last night, this claim was raised in the district court and so is preserved here, and I just want an abundance of caution to note that. Second, as the Court is no doubt aware, the Supreme Court granted cert earlier this week in United States v. Hemani presenting the question of the constitutionality of section 922G3 prohibiting the possession of firearms by one who is addicted to or a user of controlled substances, and so this Court may, in its discretion, wish to consider holding this case pending the disposition of Hemani. With that said, turning to the supervised release condition, this Court should strike it. The condition permitting a search of the entirety of Mr. Laguna's digital life upon mere reasonable suspicion of a violation of any condition of supervision is not reasonably related to the relevant statutory factors and represents a greater deprivation of liberty than reasonably necessary to advance the goals of sentencing. So, Mr. Habib, you may be the person, with maybe one exception, best positioned to answer this question. Aren't there a bunch of cases in a queue on exactly this issue, or am I missing something? There — in the last year or so, there have been a number of challenges to this condition, and this Court has issued a number of both summary orders and precedential decisions, including a few precedential decisions subsequent to the briefing in this case, in particular Lawrence and Thompson. I'm happy to discuss those cases. So the short answer is that none of those cases is dispositive of the outcome here. First, this Court's decision, this Court's most recent decision in Thompson, is distinguishable for two reasons. First, and perhaps most significantly here, the condition at issue in Thompson contained a limitation on search parameters that is not present here. The condition at issue in Thompson required not only reasonable suspicion of a crime or a violation, but also reasonable suspicion that the place to be searched would contain evidence of the violation. Indeed, Thompson emphasized that that limitation was important to its conclusion that the condition was satisfactory, and incorporated that express limitation in this Court. And as I understand it, you are fine with that limitation? I think at a — Well, fine in a — So we've argued that the condition should be stricken, but I think at a minimum, a remand to instruct the district court to so limit the condition would be in order. That was the case not only in Thompson, but also in this Court's precedential decision in Robinson. And that was the disposition, in fact, on the government's suggestion, on remand in Morrishow, which was a summary order that vacated a similar condition. So, yes, we will take that half — half — half a loaf. In addition, in this Court's decision in Lawrence, I would emphasize kind of two key distinctions there. First is that there was use of electronic devices to commit the charged offenses in Lawrence. As this Court pointed out, the defendant there used cell phones to arrange the charged drug sales. And second, Lawrence was on Federal supervised release when he committed the charged drug offenses. And this Court, making a similar point to the one that had been made in Robinson, said that there, his inability to conform his conduct to the law while on supervision called into question his ability to deal honestly with probation, and therefore supplied an additional justification for this monitoring tool. That condition is not present here, or that factor is not present here. Can you explain that? So what's the difference if they're on supervised release? I think the idea which originated in this Court's decision in Robinson and was reiterated in this Court's decision in Lawrence is that if a defendant is dishonest with the police upon his arrest or commits an offense while on post-release supervision or Federal supervised release, this calls into question his ability to deal honestly with probation while he's on supervised release. And accordingly, the standard conditions of supervision may not be sufficient, and a judge could, in her discretion, find that the additional enforcement tool of electronic device searches would be necessary. So it relies on this notion of dishonesty. Correct. And I think that that's clear that that's essential to the holding in Robinson from the footnote in that decision distinguishing Morrishow and Jimenez. So I do think that's necessary to the outcome in Robinson. But here, Mr. Laguna was convicted of a garden variety gun possession offense. It did not involve the use of electronic devices. By all accounts, none of his prior offenses involved the use of electronic devices. And consequently, the condition lacked a reasonable relationship to the Section 3553a1 factors, the nature and circumstances of the offense, and Mr. Laguna's case. What I think, and maybe this is the ultimate point, but maybe I'm wrong, animated the court's reasoning here was the criminal, the nature of the crime. Why isn't that a factor? And maybe that's picked up, actually, in United States v. Lawrence. So the nature of the instant offense? Yeah, of the prior. The manslaughter. Yes, the manslaughter. Certainly. Which is significant. No, no question. It's also the case that the defendants in three of this Court's summary orders vacating this condition had substantial criminal records. And so that was true in Meadows, in Morrishow, and Jimenez, which are cited in our briefs. In addition, the offense of manslaughter, while unquestionably serious and resulted appropriately in a substantial state sentence, did not involve, as far as the record shows, electronic devices, did not to commit the crime or to yield evidence of the crime. And so because of that, there's no link between that criminal, that aspect of Mr. Laguna's criminal history and the condition imposed here. So I take the point that has been made in several recent opinions that that factor is not invariably necessary. I understand that the presence of an electronic device in the instant offense or in a prior offense is not required for the imposition of this condition. But it's surely relevant under 3553, sorry, 3583d1. Right. And all of this goes to whether an inquiry is sufficiently individualized, right? Yes. So, you know, to the extent, I think I've got your distinctions in the various cases, but it seems the broader theme that's emerging from the cases is, well, if you, if the court does talk about the criminal history, the court does talk about the nature of the offense at issue, if the court does reference the PSR, those are sufficient for an individualized inquiry. So, I mean, how is what you're presenting to us kind of consistent with that theme, I guess, if that's a fair question? No, I understand the question. And I will acknowledge that there is a theme over the last several published decisions from this Court on this topic, along the lines that Your Honor has suggested. What I would say is it's the — it is true that the district court below addressed Mr. Laguna's individual circumstances. We acknowledge that. However, the actual reasons that the district court gave were either nonresponsive, at best generic, or at worst speculative. And let me see if I can explain why. The district court gave essentially four reasons for the imposition of this condition. Mr. Laguna's criminal history and his offense conduct of possessing a firearm, protection of the community, and the reasons given by the government, which were to allow probation to monitor for evidence of criminality on his phone. As to Mr. Laguna's history and offense conduct, I think as this Court made the point in Sims, when neither of those things involves the use of an electronic device, in Sims it was a gang association condition, but where neither the instant offense nor any priors implicate the condition, there lacks a reasonable relationship to that factor. As to protection of the community, I think even as this Court has upheld conditions like this, it is also cautioned, for example, in Sims and also in Eaglin, that the general reference to a condition being necessary to protect the public is not sufficient. And as to the rationale proffered by the government, as I say, it was at best generic and at worst speculative. The prosecutor said that oftentimes when people engage in criminality involving guns or drugs, we can find evidence on a phone. That's true in every single case. And if a rationale is true in every single case, it's not sufficiently individualized. Thank you. You reserve some time for rebuttals, so we'll hear from the government. Good morning. May it please the Court, D'Ara Guthrie for the United States. I represent the government both on this appeal and in the district court proceedings below. This Court should affirm the judgment of conviction in its entirety because the district court did not abuse its discretion in imposing the electronic search condition on Mr. Laguna. The condition was reasonably related to the relevant statutory sentencing factors. It involved no greater deprivation of liberty than was necessary, and the district court did make an individualized assessment of the defendant and stated her reasons on the record. Turning to the ways in which the condition is reasonably related to the sentencing factors, the district court spoke at length about the nature and circumstances of the offense, the history and characteristics of the defendant. Turning first to the nature and circumstances of the offense, the district court noted at Appendix Pages 38 to 39 that the defendant was carrying a loaded firearm in broad daylight. She explained that that was extremely serious misconduct and constituted the defendant's 13th criminal conviction. Next, the district court- There is no, on the record, no use of electronic device to commit any of the crimes or to assist in committing any of the crimes to remove that. That is correct, Your Honor. In this case and on the record, there is no assertion that an electronic device was used in the offense conduct. However, as this court has recently indicated on multiple occasions, including in Arguegas and in Robinson, record evidence of using electronic devices is not required to impose a condition, the condition imposed here. In Robinson, this court said, we have never held that an electronic search condition would only be appropriate where the offense involved use of electronics. So, as I think Mr. Habib pointed out, and this is, I think that this is Robinson, but an electronic device, particularly a phone, and I think we all know this, if that is subject to a search, that allows a probation officer and the government, frankly, to look into a supervisee's or anyone's entire life, more or less. And what Mr. Habib, I think in his half-a-loaf acknowledgement said was, well, why not add something like, and that the areas to be searched contain evidence of this violation of unlawful conduct. And as Mr. Habib also pointed out, I think in another case, the government has accepted that as a limitation. Why not, why isn't that appropriate here, particularly given the fact that, and I understand your argument, but the fact that an electronic device was not used here? Your Honor, there are significant limitations already placed upon the ability of probation to search. For, in particular, probation is only allowed to conduct a search of any electronic device upon reasonable suspicion that a crime or violation has occurred. That is a significant limitation. In addition, the condition already has in place the fact that search must be conducted in a reasonable time and in a reasonable manner. And this court has repeatedly explained where this precise condition was under review, that there was no greater deprivation than necessary precisely because of the limitation of reasonable suspicion, reasonable time, and reasonable manner in relation to any particular search. So what that means is probation can't go into a phone or all electronic devices for no reason or any reason whatsoever. There must be reasonable suspicion of a particular violation or a particular type of unlawful conduct, and that is a significant limitation. In addition, by requiring that a search be conducted in a reasonable manner, that already takes into account that a reasonable manner would involve only looking in places where you might find evidence of a violation. So there's, that the condition as it currently stands is appropriately tailored. What do you make of the argument that I think Mr. Beeb also made, relying on U.S. v. Thompson, I believe, that really what we're looking for is forms of dishonesty in order to trigger this particular quite invasive search condition? Your Honor, in every case an individualized assessment is required. Being dishonest is one factor and was a factor in Thompson. Here, it is especially important, as the district court noted, to look at other factors, other individualized facts relating to this particular defendant. Here, the defendant, there's not only the offense conduct, but a history of 12 other prior convictions. The court, at appendix pages 39 to 42, walked through each, almost every one of the defendant's prior 11 convictions, including for manslaughter, shooting a victim eight times, causing that defendant, that victim's death, criminal possession of weapons, multiple narcotics violations, possession of a weapon on another occasion. In addition, the court specifically noted the defendant's poor performance on prior terms of supervision. As counsel noted, it is especially concerning in any case where a defendant has a history of noncompliance on prior terms of supervision. And so those are the factors that the district court highlighted, and those are the factors that, too, make it appropriate in this case to impose the electronic search condition. And at the very least, it cannot be said that on this defendant's record, it was an abuse of discretion for the court to impose the condition given the violent nature of the defendant's criminal history, his high risk of reoffending, the need to protect the public. So let me just ask the question again. What is wrong with the additional limitation? Is there anything analytically wrong, legally wrong with the additional limitation that the areas to be searched contain evidence of this violation or unlawful conduct? No, Your Honor. It's not our position that there's anything wrong per se. What we are saying is the condition, as it currently stands, has been repeatedly affirmed and has particularly been affirmed as not presenting a greater deprivation than necessary because of the limitations that currently exist. And another thing that this Court has noted on occasion is there needs to be a leeway for probation to sufficiently monitor and supervise a supervisee. And so the condition, as it stands, is appropriately tailored. This Court has affirmed it. Is there a case, I'm sorry, but is there a case, and we're aware of U.S. v. Lawrence, we just mentioned U.S. v. Thompson and so on, where this condition was imposed where there was no involvement of an element of dishonesty, including a violation of parole, supervised release, or anything like that? And I think you're saying that the district court mentioned prior problems. We'll hear from Mr. Beeb about that. But is there a case? A case where there was not dishonesty. There was not some violation of supervised release with parole or some element of dishonesty or what we described as some form of dishonesty. I believe, Your Honor, in United States v. Arguelles from April of this year, there was no assertion of dishonesty by the defendant. There, the individual was pled guilty to racketeering and narcotics conspiracy, use of a firearm. The court there focused on the fact that the defendant's criminal conduct spanned over a decade. And given the severity of both the offense conduct and the defendant's penchant for reoffending, the electronic search condition was necessary. In Arguelles, the court focused on criminal conduct that spanned over a decade. In this case, on these facts with Mr. Laguna, the district court specifically noted Mr. Laguna's criminal conduct spanned three decades and 13 prior convictions. So, ostensibly, the facts here are worse than even in Arguelles. Thank you very much for your help, Mr. Habib. Thank you. First, as to Arguelles, I would add that it was noted in the opinion that Arguelles had made extensive use of electronic devices in carrying out the affairs of the racketeering enterprise he was convicted of running. For what it's worth, Arguelles was also a case decided on an Anders motion and without adversarial presentation. As to Mr. Laguna's prior performance on supervised release, Mr. Laguna's violations of parole occurred between 2000 and 2003, when he was between the ages of 21 and 24. He's now or will be at the time of his release nearly 50. Following his term of imprisonment for his manslaughter conviction, he successfully completed his term of post-release supervision in the state with no violations and did all the programming he was required to do. So, I don't think that that distant history of noncompliance with post-release supervision is analogous to the kinds of failure we saw in Lawrence, for example, where the instant Federal offense was committed while on Federal supervised release. The most important point that I want to make is this. I heard the government agree, and Ms. Guthrie will correct me if I misheard, that the term of the condition providing that any search shall be conducted at a reasonable time and in a reasonable manner incorporates a requirement that the place to be searched contain evidence of the violation. And if that's the case, then I think this Court should, as I say, our principal submission is to strike the condition for the reasons that are in our briefs and that Judge Lillier has been articulating throughout this discussion. Well, articulating is a strong word, Mr. Deeb. Alluded to, alluded to. I always try to look at the bright side, Your Honor. Take an optimistic view. But I think at a minimum, this Court should adopt that construction of the last sentence of the condition and make it clear when it comes to the administration of Mr. Laguna's term of supervision that the reasonable time and reasonable manner limitation incorporates the reasonable suspicion that the place to be searched will contain evidence of the violation that was made an express part of the condition in, for example, Thompson v. Robinson. You may ask both parties to provide us with a letter. I'll give you maybe a week to let us know what your respective views are about cases that are ahead of this case on this particular question of the search Next, take your pick next Friday. Yes, that's fine, Your Honor. The request is just are there any cases ahead of this one that you're presenting, more or less? Correct. Just in case we're missing something. Thank you, Your Honor. Thank you very much. We'll reserve the decision.